UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JUAN R. MOSQUERO,

       Petitioner,     **MEMORANDUM & ORDER**
                 16-CV-6469 (MKB) (TAM)
  v.

HAROLD H. GRAHAM,

       Respondent.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

  Petitioner Juan Mosquero, proceeding *pro se*, filed the above-captioned action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d),[1] alleging that he was being held in state custody in violation of his federal constitutional rights. (Am. Pet. 58). Petitioner's claims arise from a judgment of conviction following a jury trial in New York Supreme Court, Queens County, for commission of a course of sexual conduct against a child in the first degree in violation of New York Penal Law ("N.Y.P.L.") § 130.75(1)(b), and commission of a criminal sexual act in the first degree in violation of N.Y.P.L. § 130.50(4). (Am. Pet. 1.) On May 19, 2012, Petitioner was sentenced to thirty-five years' imprisonment, followed by five years of supervised release. (*Id.*) Petitioner alleges that: (1) his due process rights were violated by the prosecutor being permitted to question Petitioner's character witness about uncharged instances of sexual abuse, (*id.* at 5), and the prosecutor's "relentless[] appeal[] to the jur[ies'] emotions" during opening and closing remarks, (*id.* at 7); (2) he was denied his constitutional right to

---

[1] Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 on November 17, 2016, (Pet., Docket Entry No. 1), and an amended petition on December 16, 2016, (Am. Pet., Docket Entry No. 6).

appear before the grand jury and to be present at all material stages of the trial, (*id.* at 7, 32–34), (3) he received ineffective assistance of counsel, (*id.* at 7); (4) he was denied an impartial jury as six members of the jury "had police or government famil[y] members" and were therefore biased in favor of the police, (*id.*); (5) both defense counsel and the prosecution were aware that the prosecution's witnesses had attempted to drop the charges, but were threatened with perjury and prison, (*id.*); (6) he was denied his constitutional right to a speedy trial, (*id.* at 9); (7) the prosecution withheld exculpatory evidence in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), (*id.*); (8) his conviction was obtained in violation of his rights under the Fifth Amendment against self-incrimination and double jeopardy, (*id.* at 9–19); and (9) he was subject to false arrest and malicious prosecution by United States Citizenship and Immigration Services and the New York City Police Department, (*id.* at 21–31).

On July 14, 2021, in response to a request for a status report issued by Magistrate Judge Taryn A. Merkl, (Status Report Order dated July 13, 2021), Respondent notified the Court that Petitioner is deceased, (*see* Letter dated July 14, 2021, Docket Entry No. 49).

Accordingly, because Petitioner is no longer in custody as required by 28 U.S.C. § 2241(c), and there is no relief that may be granted to him, the Court dismisses the petition as moot. *See Grant v. Gonyea*, No. 18-CV-7720, 2021 WL 1422811, at *2 (S.D.N.Y. Mar. 8, 2021) (dismissing the petition because the petitioner's "death necessarily means that he is no longer 'in custody.'" (quoting 28 U.S.C. § 2254(a))); *Hoppe v. Griffin*, No. 17-CV-00170, 2019 WL 227388, at *4 (N.D.N.Y. Jan. 16, 2019) (finding that the petition was rendered moot "[b]ecause [the petitioner's] death necessarily means that there is no relief that the [c]ourt can grant to him" (citing *Calderon v. Moore*, 518 U.S. 149, 150 (1996))); *Zaker v. Artus*, No. 04-CV-886, 2007 WL 1521621, at *1 (W.D.N.Y. May 22, 2007) (same) (citing *Calderon*, 518 U.S. at 150); *accord*

*Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (dismissing as moot habeas petition because petitioner died after submission of the case for decision).

       The Court also denies a certificate of appealability as to all claims. 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (alteration in original) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

       The Clerk of Court is respectfully directed to close this case.

Dated: July 21, 2021
Brooklyn, New York

                                       SO ORDERED:

                                         s/ MKB
                                       MARGO K. BRODIE
                                       United States District Judge